UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                Plaintiff,

-against-

BALLON STOLL BADER AND NADLER PC;
VANO HAROUTUNIAN; BILLMAN ASSET
MANAGEMENT, LLC,

                Defendants.

25-CV-0358 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. In her amended complaint, she asserts claims against an attorney and a law firm that represented her unsuccessfully in prior civil legal matters, and against a company that provided her with a litigation loan. By order dated January 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

      For the reasons set forth in this order, the Court dismisses the amended complaint for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the amended complaint.[1] Plaintiff Sehra Waheed alleges that she is an artist, interior decorator, and stylist, and that she is the "sole member" of "The Seren Fashion Art & Interiors, LLC."[2] (ECF 13-1 at 2.)

Beginning in December 2020, Plaintiff signed retainer agreements with attorney Vano Haroutunian of Ballon Stoll Bader and Nadler, PC (BSBN) to represent her in different matters, including: (1) *Waheed vs. Christopher Grant Kirwan as Trustee And Salam Family Irrevocable Trust 2020*, described by Plaintiff in her amended complaint as "an inheritance case"; (2) *Waheed vs. Lendistry, LLC, B.S.D Capital, LLC Kymani Smith And Kent Monfore*, a "lender

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise. Shortly after filing the original complaint (ECF 1), Plaintiff filed an amended complaint (ECF 13).

[2] Plaintiff's limited liability company is not a party to this action. Plaintiff proceeds without counsel, which an artificial entity, such as a limited liability company, cannot do. *See, e.g.*, *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ( "[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*."). The Court therefore assumes that Plaintiff is asserting claims that are personal to her rather than claims on behalf of the limited liability company.

liability case";[3] (3) *Waheed vs. Dr. Sonia Kim, M.D., and Bethpage Medical PLLC for Garden OBGYN of East 67th St.*, a medical malpractice case; and (4) *Waheed vs. Dr. Sonya Brar's And Mount Sinai Beth Israel Hospital, Union Square Mount Sinai Beth Israel Healthcare Systems*, a medical malpractice case. (ECF 13-1 at 7-19.) In addition, Plaintiff signed two litigation finance agreements "funded by" Billman Asset Management, LLC. The first was signed on January 22, 2024, and the second was signed on June 24, 2024.

Plaintiff alleges that Haroutunian and BSBN "departed from legal standards" and "committed legal malpractice." (*Id*. at 5.) For example, Plaintiff retained Haroutunian in December 2020 to represent her in the inheritance case but he waited until July 2021 to file pleadings and this "late filing resulted in . . . deprivation of Plaintiff's inheritance shares val[ued] at $500,000." (*Id*. at 7.) Plaintiff further alleges that Haroutunian failed to communicate settlement offers, missed key deadlines, departed from professional standards of practice, and more. Plaintiff also seems to assert claims of self-dealing and breach of fiduciary duty against Haroutunian in connection with the litigation funding. (*Id.* at 14.) Plaintiff further alleges that Haroutunian was aware of her vulnerability and engaged in improper sexual harassment.

Plaintiff sues BSBN, attorney Vano Haroutunian, personally and as managing director of BSBN, and Billman Asset Management, LLC, which Plaintiff refers to as "Bill-Man." Plaintiff states that she has been evicted, her personal property has been auctioned off, and she has

---

[3] That matter was removed from state court, and opened as *The Seren Fashion Art and Interiors, LLC et al. v. B.S.D. Capital, Inc.*, No. 23-CV-02349-JGLC (S.D.N.Y.). The claims were dismissed for failure to state a claim on which relief can be granted. Plaintiff then sued the CEO of Lendistry for the same claim. That suit was also removed to this court and dismissed. *Waheed v. Sands*, No.:23-CV-10899 (JGK) (S.D.N.Y. Apr. 22, 2024).

suffered financial losses and severe emotional harm. She asserts numerous causes of action arising under state law and seeks $5 million in damages.

## DISCUSSION

### A.    Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### 1.    Federal question jurisdiction

To support federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not

create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff refers to federal question jurisdiction as a basis for the Court's subject matter jurisdiction of this action but Plaintiff's causes of action all arise under state law. Plaintiff brings state law claims for legal malpractice and various torts. She has not asserted any claims arising under federal law, and the facts alleged do not give rise to any obvious federal claims. Accordingly, Plaintiff has not shown that the Court has federal question jurisdiction of this action.

## 2. Diversity jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity must be complete; that is, "no plaintiff and no defendant [may be] citizens of the same State." *Id.*

For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company is deemed to be a citizen of each state of which its members are citizens, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). *See also Moran v. Proskauer Rose LLP*, No. 1:17-CV-0423, 2017 WL 3172999, at *3 (N.D.N.Y.

5

July 26, 2017) (holding that a limited liability partnership retains the state citizenships of all of its members).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff has not specifically alleged where she and defendant Haroutunian are domiciled, but she provides an address for herself in New York and states that defendant Haroutunian "resides" in New York. Plaintiff alleges that BSBN is incorporated in Delaware and is "located" and "operates as a law firm" in New York. Plaintiff provides an address for Billman Asset Management, LLC, in New York, although she does not allege any facts about the limited liability company's members or their citizenship. Plaintiff thus does not show that there is complete diversity of citizenship. Plaintiff has not met her burden of showing that the Court has subject matter jurisdiction of this action.

**B.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court generally should allow a *pro se* plaintiff an opportunity to amend a complaint in order " to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass' n*, 815 F.2d 240, 243 (2d Cir. 1987).

The Court therefore grants Plaintiff 30 days' leave to file a second amended complaint that includes facts showing that the court has subject matter jurisdiction of this action, either

because Plaintiff asserts a claim arising under federal law, or because she names only parties that are of diverse citizenship. If Plaintiff chooses to file a second amended complaint and invokes the Court's diversity jurisdiction, she must plead facts about the domicile of any individual party and plead relevant facts about the citizenship of any entities.[4]

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action for lack of subject matter jurisdiction.

**C.    Pending Motions**

Plaintiff has repeatedly moved for entry of a default judgment. (ECF 17-25, 27-28, 34.) Plaintiff is proceeding *in forma pauperis* and her amended complaint therefore must be screened, under 28 U.S.C. § 1915(e)(2)(B), before summonses issue and service can be effected. Moreover, service of a summons and complaint must be made pursuant to Rule 4 of the Federal Rules of Civil Procedure, unlike subsequent documents which are served under Rule 5 of the Federal Rules of Civil Procedure. No summonses have issued in this matter, and proper service thus has not been effected. Plaintiff's motions for entry of default are therefore denied.

Defendants' cross-motion to dismiss for lack of jurisdiction (ECF 29), entered on the docket today, is dismissed without prejudice to renewal because the Court has already dismissed the amended complaint *sua sponte* for lack of subject matter jurisdiction, with leave to replead.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave

---

[4] Defendants indicate in their cross-motion to dismiss that they have been named incorrectly. If Plaintiff chooses to file a second amended complaint, the Court further directs her to correct the names of defendants in the second amended complaint.

to replead. Plaintiff's motions for entry of a default judgment are denied, and the Clerk of Court is directed to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: February 7, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge