**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

SEHRA WAHEED,                                       :
                                                    :
                    Plaintiff,                      :          25-CV-358 (PAE) (OTW)
                                                    :
              -against-                             :          **ORDER**
                                                    :
BALLON STOLL BADER AND NADLER PC, et al.,           :
                                                    :
                    Defendants.                     :
                                                    :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court received two emails Monday night (at 9:55 p.m. and 10:39 p.m.) from Plaintiff

Sehra Waheed ("Plaintiff"), who is self-represented. Each email is addressed three times to the

email address for self-represented parties to file documents with the Court (the "Pro Se Filings

email") and contains PDF attachments that are, presumably, the documents Plaintiff wishes to

file. The emails are also addressed to my Chambers and Judge Engelmayer's Chambers, and also

(apparently) to individual defendants Bellovin, Haroutunian, Brunson, Bildirici (twice), and their

counsel, Ms. Tattersall.

**Plaintiff is directed not to email or copy judges on any future correspondence or Court**

**filings.** My Individual Practices and Judge Engelmayer's Individual Rules of Practice do not

permit self-represented parties to email chambers directly; indeed, even counseled parties are

not to send correspondence to chambers by email, and letters must be filed electronically on

ECF.[1] The Court will address requests and issues raised in filings **only** when they appear on the docket.

Plaintiff's emails also apparently copied individual defendants who are represented by counsel. Lawyers and *pro se* litigants should not communicate directly with people who are represented by counsel, unless their counsel consents or they are "authorized to do so by law or a court order." N.Y. R. Prof. Conduct 4.2(a). **Plaintiff is directed to communicated with represented parties through their counsel and should not email them directly.**

Yesterday morning, Judge Engelmayer and I received another email from "Josef Bildirici" that appeared to be a "reply to all," except that the number of recipients inexplicably increased from 11 to 14, and Plaintiff's attachments appear to still be attached. The Pro Se Filings email is now listed five times, and individual defendant Hartounian is now copied twice. Defendant Bildirici is copied twice, at two different email addresses that were different from the sender address for "Josef Bildirici." The text of the email reads, in its entirety:

> Sehra ,
> I think you can make so much money as a lawyer or lawyer assistant
> . All these legal paper you spend yr time , you can really realy make
> use in a law firm and make real money ..
> Sent from my iPhone
> Best Regards
> J.B

---

[1] My Individual Practices are available here:
https://www.nysd.uscourts.gov/sites/default/files/practice_documents/OTW%20Wang%20Individual%20Practices%20April%202025.pdf. Judge Engelmayer's Individual Rules of Practice in Civil Cases are available here:
https://nysd.uscourts.gov/sites/default/files/practice_documents/PAE%20Engelmayer%20Updated%20Individual%20Rules%20of%20Practice%20in%20Civil%20Cases%20%282021%20April%29_0.pdf. Judge Engelmayer's Individual Rules of Practice in Civil Pro Se Cases are available here:
https://nysd.uscourts.gov/sites/default/files/practice_documents/PAE%20Engelmayer%20IndividualRulesOfPracticeInCivilProSeCases_0.pdf.

Defendant Bildirici is represented by Ms. Tattersall. **Defendant Bildirici and his counsel are directed to file a single letter on the docket, by <u>5:00 p.m. on May 16, 2025</u>, addressing the following issues:**

1) Whether this email in fact originated from Bildirici;

2) Whether the Court should have the email entered on the docket; and

3) Whether the Court should consider this email to be a response to Plaintiff's proposed filings.

**<u>All parties are hereby directed to stop copying the Court on email correspondence and proposed filings.</u>** No "courtesy copies" of filings should be sent to the Court unless the Court has specifically directed them to be sent. Future emails will be discarded without review, and future failure to follow these directions may result in sanctions on the party responsible.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: May 14, 2025
      New York, New York

**Ona T. Wang**
United States Magistrate Judge