**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
SEHRA WAHEED,

              Plaintiff,                        25-CV-358 (PAE) (OTW)

          -against-                         **ORDER**

BALLON STOLL BADER AND NADLER PC, et al.,

              Defendants.
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Plaintiff Sehra Waheed ("Plaintiff"), who is appearing *pro se*, filed the complaint in this action against Defendants Ballon Stoll Bader and Nadler PC, Vano Haroutunian, Bil-Iman Asset Management LLC, Marshall Bellovin, David Bildirici, and Yucuf or Josef Bildirici, ("Defendants") on January 4, 2025, (ECF 1), alleging, *inter alia*, legal malpractice, tortious interference with litigation funding contract, violations of her constitutional rights, claims under Title VII of the Civil Rights Act, claims under the Fair Housing Act, and claims under the Americans with Disabilities Act and the Equal Credit Opportunity Act. (*See* ECF 38). Plaintiff's second amended complaint was filed on March 31, 2025. (ECF 38). On April 18, 2025, Defendants filed a motion to dismiss the second amended complaint based on improper service and lack of both personal jurisdiction and subject matter jurisdiction. (*See* ECF Nos. 44, 45). Plaintiff filed her opposition on April 20, 2025. (ECF 48). Shortly thereafter, Judge Engelmayer referred this case to me for general pretrial management and all dispositive motions. (ECF 55). Defendants have not filed a reply brief in support of their motion to dismiss. (*See* Docket).

Since filing her opposition brief in April, Plaintiff has made numerous, excessive filings unrelated to Defendants' motion to dismiss, including three motions for exemption from PACER user fees, two motions to disqualify defense counsel, an order to show cause for a preliminary injunction and temporary restraining order, a letter motion regarding an underlying medical malpractice case, a motion for declaratory judgment, three motions for default judgment, and multiple letters to Judge Engelmayer and myself regarding various issues and concerns.[1] (*See* ECF Nos. 46, 47, 54, 56, 57, 58, 60, 61, 62, 64, 65, 67, 68, 69, 73, 74, 78, 79, 80, 81, 83, 84, 85, 86, 87, 88, 89,90, 91, 92, 93, 94, 99). The Court is also concerned that Plaintiff has been attempting to communicate directly with Defendants instead of through their counsel, as directed by my May 14 Order. (*See* ECF 63); (*see also* ECF Nos. 76 at 6, 97).

Because Defendants' motion to dismiss raises the threshold issue of subject matter jurisdiction, the Court intends to resolve it before acting on any other motions or requests. Accordingly, all open motions in this action are **STAYED** pending the resolution of the motion to dismiss at ECF 44. Defendants are directed to file a reply brief in support of their motion to dismiss by **July 18, 2025.** There is no need for any additional filings or communications to the Court by either party unless explicitly directed to do so.

Plaintiff has also filed a request for pro bono counsel. (*See* ECF 52). To the extent Plaintiff seeks legal advice, she is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide a *pro se* party with advice in connection with their case. The Pro Se Law Clinic is run by a private organization called the City

---

[1] On May 14, 2025, in response from a deluge of email communications to Judge Engelmayer's Chambers and my own, I issued an order directing Plaintiff not to email or copy judges on any future correspondence or Court filings. (*See* ECF 63).

2

Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form available at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

**SO ORDERED.**

Dated: July 11, 2025  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge